IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUAL DELEON FIELDS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-1440-N-BN |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
<u>MOTION TO OBTAIN LEGAL DOCUMENTS</u>**

This now-closed civil action was referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

It was opened on May 8, 2015, solely for statistical purposes, because Petitioner Emanual Deleon Fields's "Motion for Leave to Proceed on Newly Discovered Evidence Under the Ends of Justice on Actual Innocence" – filed in a closed habeas proceeding also concerning Petitioner, *Fields v. Quarterman*, No. 3:13-cv-3418-N (N.D. Tex.) – was construed as a successive application for writ of habeas corpus and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See* No. 3:13-cv-3418-N (N.D. Tex.), Dkt. Nos. 7, 8, 9, 10, & 11.

On June 2, 2015, the Court docketed Petitioner's Motion to Obtain Legal Documents [No. 3:15-cv-1440-N-BN, Dkt. No. 5], which the Court construes as a motion under 28 U.S.C. § 2250 and, for the reasons explained below, GRANTS IN PART and DENIES IN PART.

## Background

The successive habeas application that the Court transferred to the Fifth Circuit appears to be Petitioner's third 28 U.S.C. § 2254 application. Petitioner's 2006 Section 2254 habeas petition was denied when the Court adopted the findings and recommendation of Magistrate Judge Jeff Kaplan. *See Fields v. Quarterman*, No. 3:06-cv-236-N, 2007 WL 1435606 (N.D. Tex. May 16, 2007), *aff'd*, 588 F.3d 270 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 235 (2010). In 2013, the Court construed Petitioner's Federal Rule of Civil Procedure 60(b) motion, in which he contended he should be granted leave to file a second Section 2254 petition due to newly-discovered evidence of his innocence, as a successive habeas petition and transferred the petition to the Fifth Circuit. *See* No. 3:06-cv-236-N, Dkt. No. 42; No. 3:13-cv-3418-N, Dkt. No. 4. The Fifth Circuit denied Petitioner leave to file a successive Section 2254 motion on November 8, 2013. *See* No. 3:13-cv-3418-N, Dkt. No. 6.

Petitioner's current request for legal documents appears to be made in response to the letter that he received from the Fifth Circuit concerning his latest successive habeas application. *Compare* No. 3:15-cv-1440-N-BN, Dkt. No. 5, *with* No. 3:13-cv-3418-N, Dkt. No. 12. The Fifth Circuit has requested that Petitioner attach copies of certain documents to any motion for authorization to file a successive Section 2254 application he submits to the court of appeals –

1. a copy of the proposed § 2254 petition you are requesting permission to file in the district court;

2. copies of all previous § 2254 petitions challenging the judgment or sentence received in any conviction for which you are currently incarcerated; all previous § 2241 petitions challenging the terms and conditions of your imprisonment;

3.  any complaint, regardless of title, that was subsequently treated by the district court as a § 2254 motion or § 2241 petition;

4.  all court opinions and orders disposing of the claims advanced in (2) above; and

5.  all magistrate judge's reports and recommendations issued in connection with the claims advanced in (2), above.

No. 3:13-cv-3418-N, Dkt. No. 12 at 2.

Petitioner requests all such documents as well as all documents filed in *Fields v. Quarterman*, No. 3:06-cv-236-N (N.D. Tex.) and, citing his claimed status as a pauper, requests that the Court send them to him free of charge. *See* No. 3:15-cv-1440-N-BN, Dkt. No. 5 at 5-6.

## Legal Standards and Analysis

"The *in forma pauperis* statute does not grant the court the authority to provide an indigent litigant with copies of all the documents in the record." *Anderson v. Gillis*, 236 F. App'x 738, 739 (3d Cir. 2007) (per curiam) (citing *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam), for proposition that "the statutory right to proceed *in forma pauperis* does not include right to free copies of court orders").

But 28 U.S.C. § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Under this statute, a habeas petitioner is entitled to free copies of records on file in the federal proceeding only where ordered by the presiding judge. And "[w]hile indigent

prisoners in a habeas case who have been granted *in forma pauperis* status are entitled to obtain certain documents without cost, copies of documents generated by the petitioner and filed by him previously in the case would not be included." *Anderson*, 236 F. App'x at 739 (citing 28 U.S.C. § 2250); *see also Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) (per curiam) ("Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed *in forma pauperis* and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost."). Petitioner also must show a need for and the relevance of the requested records. *See Bingham v. Dretke*, No. 4:03-cv-877-Y, 2004 WL 122549, at *4 (N.D. Tex. Jan. 9, 2004) (citing *United States v. MacCollom,* 426 U.S. 317, 326-28 (1976)), *rec. adopted*, 2004 WL 396265 (N.D. Tex. Feb. 27, 2004). And the decision whether to provide the petitioner with copies of documents rests within the Court's sound discretion. *See Althouse v. Cockrell*, Nos. 3:01-cv-0779-R, 3:01-cv-2154-R, & 3:01-cv-2155-R, 2004 WL 377049, at *2 (N.D. Tex. Feb. 13, 2004) (citing cases).

Here, initially, Petitioner has not been granted leave to proceed *in forma pauperis* as to what this Court considers to be his third successive habeas application. Because the Court construed Petitioner's motion as a successive habeas application, it determined that it lacked jurisdiction to consider it and ordered it transferred to the Fifth Circuit without first considering whether Petitioner was entitled to proceed *in forma pauperis*. As such, Petitioner's habeas application is no longer pending before a judge of this Court.

But, to expedite the Fifth Circuit's consideration of any motion for leave to file

a successive habeas application Petitioner decides to file there, this Court will not in this instance and under these circumstances rest on a technical reading of the Section 2250. And the Court will assume, without determining, that Petitioner is entitled to now proceed *in forma pauperis* – which could then trigger Petitioner's right to obtain certain documents.

That leeway aside, Petitioner has not shown how the Fifth Circuit's request entitles him to copies of all documents filed in *Fields v. Quarterman*, No. 3:06-cv-236-N (N.D. Tex.). Petitioner, moreover, is not entitled to receive free copies – from this Court – of the first three categories of documents requested by the Fifth Circuit, because those categories call for "documents generated by the petitioner and filed by him previously." *Anderson*, 236 F. App'x at 739.

But, because the final two document categories set out by the Fifth Circuit are limited in nature – many of the responsive documents are cited in this order – the Court requests that the Clerk send to Petitioner the following documents along with a copy of this order: Dkt. Nos. 15, 19, 20, 24, 25, 30, and 42 in *Fields v. Quarterman*, No. 3:06-cv-236-N (N.D. Tex.); and Dkt. Nos. 4, 8, 10, 11, and 15 in *Fields v. Quarterman*, No. 3:13-cv-3418-N (N.D. Tex.).

SO ORDERED.

DATED: June 4, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE